UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LITTLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>　　　　Defendant. | Case No. 23-cv-05283-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 8 |

Plaintiff Kenneth Little brings this case against Defendant Freedom Mortgage Corporation in his capacity "as Administrator of the Estate of Jessie Tealer." ECF No. 1-1 at 6. Freedom Mortgage has filed a motion to dismiss. ECF No. 8. The Court finds the motion suitable for resolution without oral argument and vacates the February 8, 2024 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). The Court has jurisdiction under 28 U.S.C. § 1332 and will grant the motion.

This is the second case Little has brought against Freedom Mortgage concerning what he contends are unlawful foreclosure proceedings of a residential property located at 45 Scotia Avenue in San Francisco, California. In his first case, Little sued Freedom Mortgage "in his capacity 'as Administrator of the Estates of William Tealer and Jessie M. Tealer.'" *Little v. Freedom Mortgage Corp.*, No. 22-cv-07072-JST ("*Little I*"), ECF No. 21 at 1 (quoting ECF No. 1-1 at 5). The Court granted Freedom Mortgage's motion to dismiss without leave to amend, ruling as follows:

> Little alleges that William Tealer died on February 3, 2017, and that Jessie Tealer died on July 4, 2021. *Id.* ¶¶ 13, 16. In its motion to dismiss, Freedom Mortgage argues that Little cannot assert any claims on behalf of the estates because all of the alleged wrongful conduct occurred in 2022, after both decedents had died, and that the

> estates cannot themselves assert claims under California's Homeowner Bill of Rights ("HBOR"). ECF No. 10 at 8-10.
>
> Little has conceded these arguments by failing to respond to them in his opposition. *E.g.*, *Kang v. Wells Fargo Bank, N.A.*, No. 16-cv-04309-DMR, 2018 WL 1586237, at *6 (N.D. Cal. Apr. 2, 2018) (citing *Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010)); *Pecover v. Elec. Arts Inc.*, 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009). Moreover, even if Little had not conceded the arguments, Freedom Mortgage appears to be correct on the merits: First, the complaint does not assert any alleged wrongful conduct prior to 2022, after both decedents had died, and "[n]o civil claim can be asserted, on a decedent's personal behalf, for injury or damage to the decedent that occurs, or accrues, after the decedent has died." *People v. Runyan*, 54 Cal. 4th 849, 861-62 (2012). Second, Little asserts claims under provisions of the HBOR that protect a "borrower," which is defined as "any natural person" who meets certain conditions, Cal. Civ. Code § 2920.5(c)(1), and an estate is "neither a natural nor artificial person" under California law, *Banks v. Mortimer*, No. 18-cv-07391-HSG, 2019 WL 4600941, at *3 (N.D. Cal. Sept. 23, 2019) (quoting *Estate of Bright v. W. Airlines, Inc.*, 104 Cal. App. 2d 827, 828 (Cal. Ct. App. 1951)).

*Id.* at 1–2. Judgment was entered the same day. *Little I*, ECF No. 22.

Freedom Mortgage moves to dismiss this case on grounds of res judicata and issue preclusion, as well as for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 8. Little's opposition addresses only Freedom Mortgage's arguments concerning failure to state a claim and fails to address the preclusive effect of *Little I*—or even to mention that Little brought a prior action concerning the same property. ECF No. 15. As the Court explained in *Little I*, Little has conceded those arguments to which he has failed to respond. *Little I*, ECF No. 21 at 1—2; *see also, e.g.*, *Tovar v. City of San Jose*, No. 21-cv-02497-EJD, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28, 2021).

Moreover, on the merits, the judgment in *Little I* precludes Little's claims in this case. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). It requires "1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id.* Courts consider four factors when considering identity of claims:

/ / /

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.1982)).  The last factor is "the most important" and concerns "whether [the two cases] are related to the same facts and whether they could conveniently be tried together."  *Id.* (first quoting *Costantini*, 673 F.3d at 1202, and then quoting *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)).  Here, the parties in this case and *Little I* are identical, and there was a final judgment on the merits in *Little I*.  The two cases arise from the same transactional nucleus of facts, and all claims raised in this case were or could have been raised in *Little I*.  In the prior case, judgment was granted to Freedom Mortgage on Little's claims under the HBOR, and allowing this case to proceed would destroy Freedom Mortgage's interests established by that judgment.  Accordingly, this case is barred by res judicata—which, as noted above, Little has conceded by failing to oppose dismissal on that basis.

For the above reasons, the Court grants Freedom Mortgage's motion to dismiss.  Dismissal is without leave to amend because Little cannot plead around the res judicata effects of *Little I*. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  December 12, 2023



JON S. TIGAR
United States District Judge